IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tiffany Junious, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br><br>FedEx Ground Package System Inc. and Burnette Enterprises Inc.<br><br>Defendants. | CIVIL ACTION NO. _____<br><br><br>Collective Action Complaint<br>   (Jury Trial Requested) |

Plaintiff Tiffany Junious, on behalf of herself and all others similarly situated individuals, by way of her Complaint in the above-captioned matter, alleges and show unto this Honorable Court the following:

## NATURE OF CLAIM

1.    This is an action for violations of unpaid overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA).

2.    Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of herself and other similarly situated employees of the Defendants who worked as delivery drivers and who suffered damages because of Defendants' violations of the FLSA.

## PARTIES, JURISDICTION AND VENUE

3.    Plaintiff Tiffany Junious is a resident and citizen of Clarendon County.

4. Defendant, FedEx Ground Packaging Inc, (hereinafter "FedEx") is a for profit Delaware corporation, registered with the South Carolina Secretary of State.

5. Defendant, Burnette Enterprises Inc. (hereinafter "Burnette") is a for profit corporation, registered with the South Carolina Secretary of State.

6. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Clarendon County, which is in the Charleston Division. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

7. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all delivery drivers who work in excess of forty (40) hours in any given work week, but who have not received overtime compensation for these hours within the last three years.

8. This Court has jurisdiction of the state claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

9. At all times pertinent to this Complaint, Defendants are an enterprise engaged in interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

10. Based upon information and belief, the annual gross sales volume of the Defendants' business was more than $500,000.00 per year at all times material hereto.

**FACTS**

11. Defendant, FedEx, is an American multinational courier delivery service company headquartered in Memphis, Tennessee.

12. FedEx provides expedited shipping, package tracking, and door-to-door delivery of packages.

13. Defendant, Burnette operates out of the FedEx terminal in Florence, South Carolina. Burnett employs delivery drivers to deliver FedEx packages.

14. Plaintiff, as well as similarly situated delivery drivers, are employed jointly by Burnette and FedEx.

15. Defendants are individually and jointly liable, for compliance with the FLSA, including overtime requirements for the entire workweek.

16. Defendants have agreed to allocate responsibility for the essential terms and conditions of Plaintiff's, and similarly situated delivery drivers, employment.

17. Both Defendants have influence and control over Plaintiff, and similarly situated delivery drivers.

18. Plaintiff has been employed by Defendants as a delivery driver from approximately January of 2016 to the present.

19. Plaintiff's primary duties are to deliver FedEx packages door to door.

20. Plaintiff, as well as similarly situated delivery drivers, was trained by FedEx employees in a classroom setting.

21. Plaintiff, as well as similarly situated delivery drivers, wears a FedEx Ground shirt and a FedEx Ground identification badge when she is delivering packages.

22. Plaintiff, as well as similarly situated employees, drives a FedEx van that weighs less than 10,000 pounds.

23. Plaintiff is paid a fixed rate per day.

24. The other delivery drivers, who are jointly employed by Burnette and FedEx, are also paid a fixed rate per day.

25. Plaintiff, as well as similarly situated employees, routinely works six (6) days a week.

26. Plaintiff is a "covered employee" and is entitled to overtime pay when she works more than forty (40) hours in any given week pursuant 29 U.S.C. § 207 and § 306(a), (c); because she is an employee who drives a vehicle weighing 10,000 pounds or less.

27. Defendants do not compensate Plaintiff and similarly situated delivery overtime pay when they work more than forty (40) hours in any given week.

28. Plaintiff has an employment agreement with Defendants that her compensation will be consistent with all applicable laws, including federal and state wage laws.

29. Defendants pay Plaintiff, as well as similarly situated delivery drivers, a fixed rate pay per day, regardless of whether, she works more than forty (40) hours in any given week.

30. Plaintiff, as well as similarly situated delivery drivers, almost always works more than forty (40) hours in a work week.

31. Plaintiff and similarly situated delivery drivers regularly work approximately ten (10) hours of overtime a week without being compensated.

32. During peak season, Plaintiff, and similarly situated delivery drivers, regularly work twenty (20) to thirty (30) hours of overtime a week without being compensated.

33. At all times relevant to this Complaint, Plaintiff and similarly situated delivery drivers regularly worked in excess of forty (40) hours per week; and Defendants fail to compensate them at a rate of one and one-half times their regular hourly wage.

34. At all times, relevant to this Complaint; Plaintiff, and similarly situated delivery drivers are non-exempt employees.

## **CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

35. Plaintiff, on behalf of herself and all other similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

36. Plaintiff and the members of the Plaintiffs' class are employees of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

37. Defendants failed to pay Plaintiff and the members of the Plaintiff's class at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

38. Defendants also failed to pay Plaintiff and the members of the Plaintiffs' class for all compensable time for which Plaintiff provided work for the benefit of Defendants.

39. Plaintiff and the members of the Plaintiffs' class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40. Plaintiff and the members of the Plaintiffs' class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating their compensable time.

41. The failure of Defendants to compensate, Plaintiff and the other delivery drivers for overtime work is knowing, willful, intentional, and done in bad faith.

42. Plaintiff and the members of the Plaintiffs' class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. The work and pay records of Plaintiff and the members of the Plaintiffs' class are in the possession, custody, and/or control of Defendants. Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amounts of Defendants' liability can be ascertained.

44. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

45. Plaintiff is also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated employees who join this action demand:

a) Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

c) Judgment against Defendants that they violated the FLSA by not paying overtime;

d) Judgment against Defendants that they violated the FLSA by not keeping accurate records;

e) Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

f) Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiff;

g) Leave to add additional Plaintiffs by motion, the filing of written consent forms; or any other method approved by the Court;

h) Leave to amend to add other Defendants who meet the definition of Plaintiffs' employer, 29 U.S.C. § 203(d);

i) Injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiff and similarly-situated employees to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA.

j) Attorneys' fees and costs; and

k) All such further relief as the Court deems just and equitable.

**JURY DEMANDED**

Plaintiff Junious on her behalf and on behalf of all other similarly situated delivery drivers hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 100
Mount Pleasant, South Carolina 29464
Phone (843) 588-5587
Fax (843) 593-9334
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

February 9, 2019