IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tiffany Junious, Lashawnda Troutman, and Victoria McCutcheon, <br><br>  Plaintiffs, <br><br> v. <br><br> FedEx Ground Package System, Inc., Burnette Enterprises, Inc., and Kelvin E. Burnette, <br><br>  Defendants. | Case No.: 4:19-cv-00381-SAL <br><br> **ORDER APPROVING SETTLEMENT AGREEMENT** |

This matter is before the court on the parties' joint motion for settlement approval. [ECF No. 64.] For the reasons set forth below, the court grants the motion.

## BACKGROUND

Plaintiff Tiffany Junious ("Plaintiff Junious") filed this lawsuit against Defendants FedEx Ground Package system, Inc. ("Defendant FedEx") and Burnette Enterprises, Inc. on February 9, 2019. [ECF No. 1.][1] The complaint was amended on two occasions, with the operative Amended Complaint filed on April 8, 2020. [ECF No. 60.] Plaintiffs allege they are former delivery drivers employed by certain independent business that contracted with Defendant FedEx to provide pickup and delivery of packages for FedEx customers. Through the Amended Complaint, Plaintiffs seek to recover from all Defendants pursuant to a federal overtime claim under the Fair Labor Standards

---

[1] Plaintiff Lashawnda Troutman ("Plaintiff Troutman") joined the suit on March 22, 2019, and Plaintiff Victoria McCutcheon joined on August 16, 2019. [ECF Nos. 11, 33.]

Act ("FLSA"), and Plaintiff Troutman seeks to recover pursuant to the South Carolina Payment of Wages Act ("SCPWA").

The parties fully briefed Plaintiff's Motion for Conditional Class Certification, which was filed on July 2, 2019. [ECF Nos. 21, 27, 28, 32.] The parties also engaged in additional motions practice throughout the course of the litigation. Ultimately, the certification motion was rendered moot by a decision of the United States District Court for the Western District of Pennsylvania, granting conditional certification for a nationwide class (excluding Massachusetts) of delivery drivers working for independent service providers of Defendant FedEx. [ECF No. 46 (denying conditional certification motion as moot).]

On April 15, 2020, the parties notified the court that they reached a tentative settlement and were in the process of formalizing the agreement. [ECF No. 58.] As a result, the court stayed all pending deadlines. [ECF No. 59.] On May 11, 2020, the parties filed the motion that is the subject of this order. The court held a telephonic settlement hearing on June 17, 2020, and the matter is now ripe for resolution.

## LEGAL STANDARD

Because this settlement involves an FLSA claim, this court is charged with the responsibility of scrutinizing it for fairness. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The FLSA's provisions are generally not subject

to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

## DISCUSSION

Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *See, e.g., Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 WL 10520235 (D.S.C. Oct. 27, 2016); *Dominguez Arteaga v. Ecofoam Insulation & Coating of Charleston, LLC*, No. 9:18-cv-2147, 2019 WL 6057428 (D.S.C Jan. 25, 2019). The undersigned will follow suit. Thus, to determine whether to approve the proposed settlement, this court will assess (1) whether the award reflects a reasonable compromise over the issues in dispute; and (2) whether the proposed award of attorneys' fees and costs is reasonable. *See, e.g.*, *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016).

In this case, a bona fide dispute exists. Plaintiffs allege Defendants failed to pay them certain wages in violation of the FLSA, and Defendants deny those allegations.

Turning to the fairness and reasonableness of the settlement, the court considers six factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Irvine*, 204 F. Supp. 3d at 849 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).  The court finds each of the above-listed factors met in this case.[2]

First, as outlined in the motion, the parties have exchanged and produced "numerous documents" related to the claims and defenses in this case.  The parties represent that the exchange of discovery allowed them to "fairly evaluate the liability and financial aspects of [the] case." *Lomascolo*, 2009 WL 3094955, at *31.  Second, and relatedly, the parties were preparing to begin depositions just prior to reaching a settlement in this matter, which would have increased the expense and likely duration of the litigation.  Further, the FLSA's motor carrier exemption and joint-employer status would have been topics at summary judgment—both of which increase the complexity of the case.  As to the third factor, the court presumes the absence of fraud or collusion unless there is some contrary evidence.  *Irvine*, 204 F. Supp. 3d at 850.  There is no contrary evidence here.  Fourth, Plaintiffs' counsel provided additional detail regarding her experience in employment-related litigation during the settlement approval hearing, and the court finds that this factor is satisfied.  The final factor is also met in this case.  Plaintiffs, collectively, are set to receive 85% of the overtime to which they claim they are entitled.  *See Saman v. LBDP, Inc.*, No. 12-1083, 2013 WL 2949047 (D. Md. June 12, 2013) (finding a proposed settlement of 84.4% of what plaintiffs originally sought as reasonable in light of the risks and costs associated with further litigation).  For these reasons, the court finds the settlement is fair and reasonable.

In addition to the fairness and reasonableness of the settlement, the court must also consider the reasonableness of the request for attorneys' fees.  *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to

---

[2] The court does not consider the fifth factor, as this is not a collective or class action.

assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). District courts in the Fourth Circuit consider 12 factors to determine the fairness and reasonableness of a proposed fee:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 n.28 (4th Cir. 1978)). Considering the 12 factors as outlined in the motion and further discussed at the settlement hearing, the court finds the proposed attorneys' fee request of $19,500.00 fair and reasonable.

The court emphasizes that a significant amount of time was expended on the certification briefing, the additional motions filed, and the discovery completed, as well as the positive results obtained for Plaintiffs through a collective 85% recovery on the overtime claims and 46% recovery on all potential damages. Plaintiffs' counsel represented that she expended 168.17 hours of legal work on this case. With her regular hourly rate of $300.00, the lodestar for this matter comes to $49,967.25. The requested fees of $19,500 is lower than the lodestar number. *See Irvine*, 204 F. Supp. 3d at 850 (finding proposed fees "less than the lodestar number . . . to be reasonable"); *Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302, 308 (D.S.C. 2019) (comparing fee request to lodestar to determine reasonableness). And, as a percentage of settlement, the request totals 39% of the settlement award, which is commensurate with awards in similar cases. *See, e.g.,*

*Stayler v. Rohoho, Inc.*, No. 2:16-cv-1235, 2019 WL 1491873, at *1 (D.S.C. Apr. 4, 2019) (approving reduced fee request after rejecting a request "representing over 43% of the settlement amount"). For these reasons, the court finds that the proposed $19,500 attorneys' fees request is reasonable.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** the joint motion to approve settlement agreement [ECF No. 64]; the court **APPROVES** the settlement and release agreement, finding it is a fair, reasonable, and adequate settlement of a bona fide dispute over the FLSA and the SCPWA; the court **APPROVES** the payment of attorneys' fees and costs, finding the request fair and reasonable; and the court hereby finds that all claims asserted in this litigation are hereby **DISMISSED with prejudice**. The court retains jurisdiction to enforce the terms of the settlement and release agreement.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

June 18, 2020
Florence, South Carolina